UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FREDRICK JOSEPH** | : | **DOCKET NO. 2:20-cv-529** |
| **D.O.C.. # 587825** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **ANTHONY ALLEMAND, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a civil complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Fredrick Joseph, who is proceeding pro se and in forma pauperis in this matter. Joseph is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana ("ACC"). He names as defendants Anthony Allemand and the ACC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Plaintiff complains that he fell while attempting to climb up onto a bunk bed with no ladder. He does not allege any injuries. He seeks to have ACC put ladders and rails on the beds, as well as monetary damages to compensate him for his fall.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Joseph has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

Joseph's allegations regarding the lack of a ladder on the beds at ACC implicate his right, under the Eighth Amendment, to be free from cruel and unusual punishment in the form of unconstitutional conditions of confinement. This right, however, requires only that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

Eighth Amendment violations based on official conduct other than a penalty formally imposed for a crime embody both a subjective and an objective component. *Wilson v. Seiter*, 111 S. Ct. 2321, 2323-24 (1991). The objective requirement necessitates that the inmate allege a sufficiently serious deprivation. *Id*. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id. (quoting Rhodes v. Chapman*, 101 S. Ct. 2392, 2399 (1981)) (citation omitted).

The subjective component requires that a prison official act with a sufficiently culpable state of mind. *Farmer v. Brennan*, 114 S. Ct. 1970, 1977 (1994). A prison official's culpability is measured by deliberate indifference, which is defined as "know[ing] of and disregard[ing] an excessive risk to inmate health or safety." *Id*. at 1977-79. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind;" thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). Accordingly, negligence and even gross negligence do not implicate the Constitution and thus do not provide a basis for a § 1983 claim relating to conditions of confinement. *Farmer*, 114 S. Ct. at 1978 & n. 4.

Applying the above principles to the present case, we find that Joseph's allegations based on ACC's failure to provide a ladder simply do not rise to the level of an Eighth Amendment

violation. While the lack of a ladder is not perfect, this condition does not amount to cruel and unusual punishment and instead amounts to negligence at best. *See Vallo v. Cooley*, No 2:17-cv-719, 2017 U.S. Dist. LEXIS 220962 (W.D. La. Nov. 9, 2018) (citing *Armstrong v. Terrebonne Parish*, No. 2:06-cv-573, 2006 U.S. Dist. LEXIS 49977, 2006 WL 1968887, at *6 (E.D. La. Jun. 6, 2006) (finding that plaintiff's allegations of defective bunks gave rise to "[a]t best . . . a garden variety tort claim" and did not support a § 1983 action); *Van v. Caldwell Corr. Ctr., No*. 3:17-cv-532, 2017 U.S. Dist. LEXIS 113088, 2017 WL 3047847, at *2-3 (W.D. La. June 13, 2017) (rejecting § 1983 claim based on inmate's fall allegedly resulting from improperly installed bunks and lack of ladders), report and recommendation adopted, No. 3:17-cv-532, 2017 U.S. Dist. LEXIS 111647, 2017 WL 3044659 (W.D. La. July 18, 2017).

Joseph's allegations do not rise to the level of a constitutional violation. Instead, his allegations amount to negligence at best, which cannot support an Eighth Amendment claim. Accordingly, this claim should be dismissed.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the instant suit be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 4th day of August, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE